#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| INDEPENDENT SCHOOL DISTRICT NO. 5 ) <br> OF TULSA COUNTY, OKLAHOMA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PATRICK L. TAYLOR and MARSHALETA ) <br> TAYLOR, husband and wife; ) <br> FREDERIC DORWART, as Receiver for the ) <br> Law Practice of Robert J. Nichols; ) <br> BRIAN A. CURTHOYS; ) <br> RALPH MACKEY; ) <br> EDWARD G. LINDSEY; and ) <br> UNITED STATES OF AMERICA, ex rel. ) <br> Internal Revenue Service, ) <br> ) <br> Defendants. ) | Case No. 16-CV-750-GKF-FHM |

### OPINION AND ORDER

Before the court is the Motion for Remand to State Court filed by defendants Patrick L. Taylor and Marshaleta Taylor ("the Taylors") [Doc. #18].

In 2007, plaintiff Independent School District No. 5 of Tulsa County, Oklahoma (also known as Jenks Public Schools, hereinafter "JPS") brought an action in state district court to condemn land belonging to the Taylors. At the conclusion of that proceeding, on October 3, 2014, the court awarded the Taylors attorney fees in the amount of $1,055,870.56.

On November 15, 2016, JPS filed an Interpleader Petition in Tulsa County District Court, and interpled the funds into court. In its Petition, JPS named as defendants various parties asserting claims against the Taylors' lawyer, Robert J. Nichols, including the United States of America, *ex. rel.* Internal Revenue Service ("the United States"). A copy of the Summons issued to the United

States bears a stamp indicating it was received by the United States Attorney's Office for the Northern District of Oklahoma on November 18, 2016.

On December 15, 2016, at 6:16 p.m. Central Time, the Tax Division of the United States Department of Justice, on behalf of the United States, emailed a civil cover sheet and Notice of Removal to the Court Clerk. The following morning, the Court Clerk created a "case shell" to enable the United States to e-file the Notice of Removal in Case No. 16-CV-750. The United States e-filed the Notice of Removal in the court's electronic filing system on December 22, 2016.

### I. Legal Standard

Federal courts are courts of limited jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013). To that end, removal statutes are strictly construed with all doubts resolved against removal. *See Belcher v. Un. Parcel Serv., Inc.*, No. 09-CV-628-TCK-PJC, 2009 WL 4612169, at *2 (N.D. Okla. Dec. 10, 2009).

### II. Analysis

####   a. Timeliness of Removal

The Taylors first argue the United States' removal was untimely. The federal statute setting forth the procedure for removal of civil actions states in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

The Taylors argue the Notice of Removal was filed three days after the 30-day time limit. Specifically, they contend that because the United States Attorney received a copy of the Interpleader Petition on November 18, 2016, the Notice of Removal had to be filed on or before

December 19, 2016.[1]  The Taylors argue that, under this court's "CM/ECF Administrative Guide of Policies and Procedures," emailing a document to the Court Clerk's office—as the United States did on the evening of December 15, 2016—does not constitute filing of the document.  They contend the Notice of Removal was not filed as a matter of law until December 22, 2016.

In response, the United States argues the 30-day period for removal did not begin to run because JPS failed to serve the Attorney General as required by 28 U.S.C. § 2410(b).  Section 2410 applies to, *inter alia*, interpleader actions with respect to personal property on which the United States has or claims a lien.  28 U.S.C. § 2410(a)(5).  In its Notice of Removal, the United States claims it "has a federal tax lien against personal property and rights to property of Robert J. Nichols, pursuant to 26 U.S.C. § 6321,[2] including the interplead funds."  The statute upon which the United States relies in its argument that JPS failed to serve the Attorney General, § 2410(b), states:

> In actions in the State courts service upon the United States shall be made by serving the process of the court with a copy of the complaint upon the United States attorney for the district in which the action is brought . . . and by sending copies of the process and complaint, by registered mail, or by certified mail, to the Attorney General of the United States at Washington, District of Columbia.

In *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, the Supreme Court held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by formal service."  526 U.S.

---

[1] If the 30-day period for removal began to run on November 18, 2016, the thirtieth day fell on Sunday, December 18, 2016.  Pursuant to Fed. R. Civ. P. 6(a)(1)(C), the period ended on Monday, December 19, 2016.

[2] Section 6321 states: "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

344, 347-48 (1999). Eight years later, the Tenth Circuit, relying on *Murphy Bros.*, held that, because a removing defendant was never properly served with a copy of the summons, the thirty-day period for filing a notice of removal never started to run. *Jenkins v. MTGLQ Investors*, 218 F.App'x 719, 724 (10th Cir. 2007) (unpublished). And in *Quality Loan Serv., Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1133 (9th Cir. 2011), the Ninth Circuit held that a plaintiff had not started the removal clock when it provided actual notice of the action to the United States Attorney's Office, but failed to serve the Attorney General as required by § 2410(b).

Here, as in *Quality Loan*, because JPS failed to serve the Attorney General as required by § 2410(b), the removal clock did not start, and the United States' Notice of Removal was timely.[3]

Moreover, even if the 30-day period had begun to run on November 18, 2016, the Notice of Removal was timely pursuant to this court's General Order 11-01. General Order 11-01 provides: "For new cases submitted to the Court by email in which a statute of limitations issue exists necessitating the case to be filed that day, the date the Court receives the party's new case email containing the initiating documents shall be deemed the filing date of the new case." General Order 11-01 explicitly addresses new cases in which a statute of limitations issue exists, but its rationale extends to newly removed cases submitted to the court by email in which a removal deadline issue exists. Insofar as it is the policy of this court to require attorneys to file papers with the court electronically over the Internet, and insofar as the United States emailed the Notice of Removal to the Court Clerk on December 15, 2016, and has now sought relief in its briefing after

---

[3] The Taylors separately argue that, even if the United States has not been served in the manner required under § 2410(b), the "first-served rule"—*i.e.*, that the thirty-day time limit for removal commences for all defendants when service is accomplished on the first-served defendant— applies. However, § 1446 was amended in 2011. The amended statute now permits "[e]ach defendant [to] have 30 days after receipt by or service on *that defendant* of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B) (emphasis added).

having e-filed its documents on December 22, 2016, the court hereby deems December 15, 2016 as the filing date of the Notice of Removal. Even if a court were to conclude that the 30-day removal period began to run on November 18, 2016, the removal was timely.

        *b. Supplemental and Ancillary Proceeding*

The Taylors also argue the Interpleader Petition must be remanded because it is supplemental, ancillary, and incidental to the condemnation proceeding, and is not an independent action.

"It is a well settled rule that a suit which is merely ancillary or supplemental to another action cannot be removed from a state court to a federal court." *W. Med. Properties Corp. v. Denver Opportunity, Inc.*, 482 F.Supp. 1205, 1207 (D.Colo. 1980) (citing authorities). "In order for section 1441(a) [the federal removal statute] to have application, the present . . . proceeding must be a distinct 'civil action.'" *Smotherman v. Caswell*, 755 F.Supp. 346, 348 (D.Kan. 1990) (citing *Adriaenssens v. All-State Ins. Co.*, 258 F.2d 888, 890 (10th Cir. 1958)).

Most cases discussing the distinction between independent and supplemental actions concern garnishment proceedings. Both parties cite *Truong by Truong v. Grand Trunk Western R. Co., Inc.*,[4] which involved the removal of an interpleader proceeding filed to determine the

---

[4] The other cases cited by the Taylors are inapplicable. *First Nat'l Bank v. Turnbull & Co.*, 83 U.S. 190, 195 (1876) involved a proceeding authorized by a Virginia statute over which, according to the statute, no court other than the state court could have taken jurisdiction. *Lawley v. Wheteis*, 24 F.Supp. 698, 700 (N.D. Okla. 1938) relied on Oklahoma state law regarding garnishment proceedings and predated the Tenth Circuit's decisions in *London & Lancashire Indemnity Co. v. Courtney*, 106 F.2d 277, 283-84 (10th Cir. 1939) and *Adriaenssens v. All-State Ins. Co.*, 258 F.2d 888 (10th Cir. 1958). This court more recently concluded that "a garnishment action is a distinct civil action under both federal and Oklahoma law." *Thames v. Evanston Ins. Co.*, 2014 WL 991722, *2 (N.D. Okla. Mar. 13, 2014). *Thompson v. Chicago & N.W. Ry. Co.*, 14 F.2d 230, 231 (D.Minn. 1926) and *Overman v. Overman*, 412 F.Supp. 411, 412 (E.D. Tenn. 1976) relied on state laws inapplicable here.

respective interests of claimants to an attorney fee award in a personal injury action. 882 F.Supp. 107, 108 (E.D. Mich. 1995). The court determined the interpleader proceeding was independent of the underlying state court action, and was removable. *Id.* at 109. In making this determination, the court compared the issues of fact, the parties, and the alignment of the parties in the underlying action and the removed interpleader proceeding.[5] *Id.*

Making the same comparisons here, the issue in the condemnation proceeding was the amount of money to be paid by JPS to the Taylors as just and reasonable compensation for the taking of the Taylors' real property, whereas the separate and distinct issue in this interpleader proceeding is the proper distribution of the attorney fee award. The parties to the condemnation proceeding were JPS as plaintiff, and the Taylors, a federal credit union, the Board of County Commissioners, and the County Treasurer as defendants. *See Ind. Sch. Dist. No. 5 v. Patrick L. Taylor*, Tulsa County District Court Case No. CJ-2007-6206. This interpleader proceeding includes JPS as plaintiff and the Taylors as defendants, but does not include the other defendants who were parties to the condemnation proceeding. In addition, this action includes five new defendants with potential claims to the attorney fee award.

The court finds and concludes that the two proceedings are separate and distinct. The two proceedings involve different sets of parties and focus on different claims involving different

---

[5] *Truong* is consistent with recent case law regarding supplementary and garnishment proceedings. *See Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1131 (11th Cir. 2013) ("[t]he supplementary proceeding here is an independent civil action because it seeks to impose new liability on new parties founded on wholly new legal theories and based on a completely different factual matrix."); and *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 725 (7th Cir. 2012) ("when garnishment proceedings present genuine disputes with new parties and raise new issues of fact and law, courts overwhelmingly treat them as independent and removable actions.").

- 7 -

subject matters. The court therefore finds and concludes the interpleader proceeding is an independent civil action and may be removed pursuant to § 1441.

### III. Conclusion

WHEREFORE, the Taylors' Motion to Remand [Doc. #18] is denied.

IT IS SO ORDERED this 6th day of April, 2017.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT